**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                         CASE NO. 1:21-CR-15-HAB-SLC

WILL A HARRIS JR,

Defendant.

## OPINION AND ORDER

The Court is in receipt of a letter from Defendant Will Harris, Jr. in which he requests the Court adjusts his sentence according to "the new 922(g) law and the new 924(c) law . . . as well as to the other new law in regards to [Harris] being given too many points for being on probation when I caught this case." (ECF No. 71). Harris was convicted of federal gun and drug crimes in 2022 and sentenced to 262 months' imprisonment. (ECF No. 58).

The Court is unable to grant Harris the relief he requests. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements including exhaustion of administrative remedies and a show of "extraordinary and compelling reasons" that would warrant such a reduction. *See* 18 U.S.C. § 3582(c)(1)(A). The Court can also modify a sentence under 18 U.S.C. § 3582(c)(2) if a defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). His request

for relief relying on "the new 922(g) law and the new 924(c) law" fits neither of these provisions and thus does not provide a basis for the Court to modify his sentence.

As to his assertion that he was "given too many points for being on probation" when he was arrested for these federal crimes, this appears to be a request for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines – which is redressable through §3582(c)(2).  That provision permits modification:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582. Under § 3582(c), the Court undertakes a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission. First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements.[1] Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Here, Harris is invoking Part A of U.S.S.G. Amendment 821, which permits a reduction in status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points.[2] Harris was

---

[1] Pursuant to this Court's General Order 2023-32 ¶5, the Court is obligated on its own motion to conduct an initial review of pro se motions for reduction of sentence based upon the retroactive application of the 821 Amendment within thirty (30) days of its filing to determine if the Federal Community Defender (FCD) should be appointed. Because the Court finds that Harris is ineligible for a sentence reduction, it declines to refer this matter to the FCD.

[2] Although Harris does not invoke Part B of Amendment 821, there is no question that he would be ineligible under Part B given his failure to meet requirement number one, that he "did not receive any criminal history points from Chapter 4, Part A," given his adjusted criminal history score of 27. U.S.S.G. §4C1.1(a)(1).

assessed 28 criminal history points, two of which were status points for committing his federal offense while he was on probation for a state crime. Because his criminal history points were already well over seven without the added status points, his criminal history score would be reduced by one point—from 28 to 27 under the amendment. *See* U.S.S.G. §4A1.1(e). The problem for Harris is that his criminal history category of VI remains the same even with that reduction. As a result, he is not eligible for a reduction in sentence since application of the amendment would not reduce his guideline range.

For these reasons, the Court DENIES the relief Harris requests in his letter.

**SO ORDERED** this 17th day of March 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

3